UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KEITH SMITH                                          CIVIL ACTION

VERSUS                                               NO. 14-0916-SS

JEH JOHNSON, SECRETARY
DEPARTMENT OF HOMELAND
SECURITY, FEDERAL EMERGENCY
MANAGEMENT AGENCY

# ORDER

DEFENDANT'S MOTION TO STRIKE (Rec. doc. 10)

**GRANTED**

The plaintiff, Keith Smith ("Smith"), states that he has no objection to the dismissal of his claim under the Whistleblower Protection Act ("WPA") without prejudice. The motion of the defendant, Jeh Johnson, Secretary of the U.S. Department of Homeland Security ("Defendant"), to strike or alternatively partially dismiss complaint will be granted and the WPA claim will be dismissed with prejudice.

On September 27, 2013, Smith filed a complaint against Defendant. CA 13-5967 – Rec. doc. 1. Defendant moved to dismiss the Title VII claims for failure to exhaust administrative remedies and the WPA claim for lack of jurisdiction. Id. – Rec. doc. 10. Smith responded that the Title VII administrative remedies were not exhausted. He stated that, "[a]s to the Whistleblower complaint, defendants' allegation is moot." Id. – Rec. doc. 13 at 1-2. This statement only makes sense if it refers to Smith's allegation as moot. Smith asked that his complaint be dismissed without prejudice. Id. – Rec. doc. 13 at 3. An order and judgment were entered granting the motion and dismissing the complaint without prejudice. Id. – Rec. docs. 15 and 16.

On April 23, 2014, Smith refiled his complaint and alleged Title VII and WPA claims. Rec. doc. 1. The parties consented to proceed before the assigned Magistrate Judge. Rec. doc. 13. Defendant moves to have the allegations associated with the WPA claim struck and/or dismissed with prejudice. Rec. doc. 10. As noted, Smith does not object to the dismissal of the WPA claim without prejudice, but offers no reasons why the WPA claim should not be dismissed with prejudice. Rec. doc. 14. The motion to dismiss the WPA claim with prejudice is unopposed.

An employee who believes that he is the victim of an unlawful reprisal in violation of the WPA must first bring his claim to the Office of Special Counsel, which is required to investigate the claim. Stella v. Mineta, 284 F.3d 135, 142 (D.C. Cir. 2002). Smith never satisfied the exhaustion requirement for the WPA claim. CA 13-5967 - Rec. doc. 10 at 11-14 and Declarations of Leigh Hoburg and Martin Schwartz (Attachments 2 and 3). If Smith had satisfied the WPA exhaustion requirement, he was required to seek relief in the Federal Circuit. 284 F.3d at 142. In addition to being unopposed, Defendant's motion has merit.

IT IS ORDERED that Defendant's motion to strike or alternatively partially dismiss complaint (Rec. doc. 10) is GRANTED and Smith's claim under the Whistleblower Protection Act is dismissed with prejudice.

New Orleans, Louisiana, this 11th day of September, 2014.

_____
**SALLY SHUSHAN**
**U.S. Magistrate Judge**